UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GINA MORRISON | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:11 CV 437 RWS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before me on Gina Morrison's motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. In her § 2255 motion, Gina Morrison challenges the legality of her arrest, conviction, and sentencing. She further alleges that the prosecutor in her case engaged in misconduct. Finally, she claims that she was denied effective assistance of counsel. Because all of Morrison's claims are either without merit or are not properly before me, her motion will be denied.

**I.      Background**

On December 13, 2007, a Grand Jury returned a superceding indictment against co-defendants Gina Morrison, Clay Wallace, and Ralph Anthony Knox. The indictment charged Morrison with a single count of possession of pseudoephedrine, knowing and having reasonable cause to believe it would be used in the manufacture of a controlled substance, in violation of 21 U.S.C. § 841(c)(2) and 18 U.S.C. § 2. On December 18, 2007, Morrison pleaded not guilty to the charge. Morrison was ultimately found guilty at a jury trial.

The relevant facts are as follows:

On September 11, 2007, police executed a search warrant of the residence located at 10 Paul Drive, Troy, Missouri. The search warrant affidavit listed the address to be searched as 3 Paul Drive and described the property as "one brown single-wide mobile home with white trim and shutters, with the front door facing to the approximate north. There is also an enclosed porch on the front of the residence." Mot. to Vacate, Docket No. 1, at 26. An outbuilding was also located on the property. After police arrived at 10 Paul Drive, they obtained a second search warrant which included the outbuilding. Id. at 29. In that warrant, they corrected their earlier mistake as to the address of the property. Id. The search revealed evidence that later supported the charge against Morrison.

Morrison's trial attorney filed a motion to suppress the evidence found at 10 Paul Drive, claiming the search violated her Fourth Amendment right to privacy. I referred this matter to Magistrate Judge Noce and in his Report and Recommendation. Judge Noce recommended I find that Morrison lacked standing to challenge the search because she did not produce sufficient evidence to show that she lived at 10 Paul Drive. Trial counsel filed an objection to the Report and Recommendation, but did not object to Judge Noce's recommendation that Morrison lacked standing to challenge the search. Judge Noce further recommended that even if Morrison had standing to challenge the search, her motion to suppress would fail on the merits because the search warrants were lawfully issued. I adopted Judge Noce's Report and Recommendation on March 21, 2008.

Morrison was found guilty at a jury trial on April 11, 2008. She timely filed an appeal and was appointed appellate counsel. On direct appeal to the United States Court of Appeals for the Eighth Circuit, appellate counsel did not argue that the evidence from 10 Paul Drive should

2

have been suppressed. The Eighth Circuit affirmed my rulings on January 29, 2010 and the United States Supreme Court denied certiorari. Morrison subsequently filed this motion pursuant to 28 U.S.C. § 2255.

## II. Discussion

### A. Motion to Appoint Counsel

Petitioner has filed a motion to appoint counsel. There is no constitutional or statutory right to appointed counsel in civil cases. <u>Nelson v. Redfield Lithograph Printing</u>, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. <u>See</u> <u>Johnson v. Williams</u>, 788 F.2d 1319, 1322-23 (8th Cir. 1986); <u>Nelson</u>, 728 F.2d at 1005.

After considering these factors, the I find that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time. As a result, the motion to appoint counsel will be denied.

### B. Section 2255 Motion

In her § 2255 motion, Morrison asserts five challenges to the legality of her arrest, conviction, and sentence.

#### 1. Search Warrant Claims are Procedurally Defaulted and Meritless

Morrison alleges that she has standing to challenge the search conducted on September

11, 2007 of the residence located at 10 Paul Drive because she had an expectation of privacy in that residence.

Morrison waived her ability to challenge the search of 10 Paul Drive because she did not raise the issue on direct appeal and has failed to properly justify the failure. "Normally, a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." Reid v. United States, 976 F.2d 446, 447 (8th Cir. 1992); Cardarella v. United States, 351 F.2d 443, 447 (8th Cir. 1965) ("It is firmly established that the remedy provided by Title 28 U.S.C.A. § 2255 cannot be used to serve the functions and purposes of an appeal."). Morrison filed a direct appeal to her conviction and she failed to raise the issue of standing to challenge the search of the 10 Paul Drive residence. As a result, the issue is procedurally defaulted.

In order for a procedurally defaulted constitutional challenge to be to be cognizable in a § 2255 motion, the challenger who fails to raise such issues on direct appeal must show (1) cause for the default and (2) prejudice from the failure to appeal. Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994); see also, Bousley v. United States, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'") (internal citations omitted). Morrison has failed to make such a showing.

Morrison argues the ineffectiveness of her trial and appellate counsel caused her default of the standing issue because each failed to assert the argument. Counsel is not ineffective for failing to make a meritless argument. See Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir.

4

1994). Morrison's trial and appellate counsel were not ineffective for failing to argue that Morrison had standing to challenge the search of 10 Paul Drive because this argument was meritless, and even if Morrison had standing, the search warrant was lawfully issued. As a result, Morrison's claim fails.

Furthermore, the search warrant for the search of 10 Paul Drive was lawfully issued. Probable cause is required to support a search warrant. See United States v. McCoy, 483 F.3d 862, 863 (8th Cir. 2007). Probable cause exists where a judge makes a "'practical, common-sense decision' that there [is] a 'fair probability' that evidence of a crime...would be found" at the place identified in the warrant. Id. at 864. The warrant for the search of 10 Paul Drive was issued based on an affidavit from Detective Wideman. Wideman's affidavit provided the issuing judge with a substantial basis for finding probable cause in support of issuing the warrant.

Wideman's affidavit relied on eyewitness information from a confidential informant. "Information from a confidential informant may be sufficient to establish probable cause if it 'is corroborated by independent evidence' or if the informant 'has a track record of supplying reliable information.'" United States v. Littrell, 439 F.3d 875, 881 (8th Cir. 2006) (citation omitted), cert. denied, 549 U.S. 939 (2006). Wideman's information meets this standard in light of his explanation of the informant's reliability and the independent corroboration of the informant's information.

Additionally, the misidentification of the property was immaterial to the legality of the warrant. Though the warrant mistook 10 Paul Drive for 3 Paul Drive, the police were able to accurately identify the property because of the detailed physical description of the residence. Where a search warrant "contained information that particularly identified the place to be

5

searched," that description is sufficient even though it listed the wrong address. Lyons v. Robinson, 783 F.2d 737, 738 (8th Cir. 1985). Since the warrant particularly identified the residence located at 10 Paul Drive by description, it was legal notwithstanding the mistaken address. As a result, Morrison's claim will be denied because it is procedurally defaulted and is without merit.

Morrison next argues that the search warrants were procured "maliciously" and "without Judge's authority." Morrison claims that because the search warrant for the 10 Paul Drive home mistakenly listed the address as "3 Paul Drive" and the issuing judge used a signature stamp to sign the warrant, the warrant lacked proper authorization. Morrison's claim fails. As discussed above, the 10 Paul Drive search warrant was not invalid for having been issued with an incorrect address. Further, as discussed above, Morrison's challenge to the validity of the search warrant is procedurally defaulted and Morrison has failed to establish cause or prejudice.

2. Assistant United States Attorney Did Not Engage in Prosecutorial Misconduct

Morrison claims that Assistant U.S. Attorney engaged in misconduct by "maliciously assist[ing]" Detective Wideman in procuring the affidavit for the search warrant for 10 Paul Drive. She bases this accusation on a few lines from the trial transcript from the testimony of Detective Wideman: "I did not write this. It was Sirena Wissler also assisted me, and then I read it and signed it as my affidavit." Jury Trial Tr. Vol. II, 25:12-13. Morrison alleges the Assistant U.S. Attorney drafted the affidavit and conspired with Wideman to pass her statements off as his.

Prosecutorial misconduct involves serious unfairness which results in a deprivation of a defendant's fundamental due process right to a fair trial. Greer v. Miller, 483 U.S. 756, 765 (1987). To prove prosecutorial misconduct, Morrison must show that (1) the prosecutor's

6

conduct was improper and (2) that conduct "prejudicially affected the defendant's substantial rights." Graves v. Ault, 614 F.3d 501, 507 (8th Cir. 2010). Ms. Wissler's conduct was not improper, so I need not determine whether her conduct prejudicially affected Morrison's rights.

Detective Wideman's statements at trial were clearly not made in relation to the affidavit used to secure the search warrant for 10 Paul Drive. Instead, Wideman's statements were in reference to an affidavit that supported the criminal complaint against co-defendant Anthony Knox. Though Detective Wideman had expressed confusion over which document defendant's counsel was referring to, counsel made it clear that he was referencing the affidavit sworn to the magistrate judge "with the purposes of bringing charges against Tony Knox." Id. at 24:20-21. Morrison's allegations of "malice" and prosecutorial misconduct are refuted by the record, and, as a result, Morrison's claim fails.

### 3. Morrison Did Not Receive Ineffective Assistance of Counsel

Morrison claims that both her trial and appellate counsel were ineffective because they failed to challenge the denial of her motion to suppress evidence gathered during the search of 10 Paul Drive.

To prove that her trial counsel was constitutionally defective under the Sixth Amendment, Morrison must show that (1) counsel's performance was deficient and (2) that the deficiency "prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove deficiency, Morrison must meet the high burden of showing that her counsel made such serious errors such that he was "not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id.; see also United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (noting the "heavy burden" a movant faces under the Strickland standard). Courts accord

7

substantial deference to counsel's performance, examining his actions at the time they were taken, not after.  Strickland, 466 U.S. at 689.  To show prejudice, Morrison must prove a "reasonable probability" that the outcome of the proceeding would have been different "but for counsel's unprofessional errors."  Id. at 694.  Where the movant fails to establish one of the two elements, the claim fails.  Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995).

      Counsel is not ineffective for failing to assert a meritless argument.  See Dyer, 23 F.3d at 1426.  Morrison argues her trial counsel was ineffective for failing to object to Judge Noce's recommendation that she lacked standing to challenge the search 10 Paul Drive.  As discussed above, trial counsel's objection would have been without merit.  Further, the search warrant was supported by probable cause and was lawfully issued.  Morrison also argues in her reply that trial counsel failed to object to the search warrants on the grounds they were invalid because the issuing judge used a signature stamp.  As discussed above, the use of a signature stamp does not on its own make a search warrant invalid.  See Okeayainneh, 2011 WL 2457395, at *7.  Because Morrison's argument regarding the issuing judge's use of a stamp would be without merit, trial counsel was not ineffective for failing to make it.  See Dyer, 23 F.3d at 1426. As a result, Morrison has failed to establish her trial counsel's performance was deficient and her claim fails.

      Morrison also alleges that her appellate counsel was constitutionally ineffective because she failed to argue Morrison did not have standing to challenge the search warrant on direct appeal.  Morrison is entitled to effective assistance of appellate counsel.  To prove ineffective assistance of appellate counsel, Morrison must show both deficiency and resulting prejudice.  See King v. United States, 595 F.3d 844, 852-53 (8th Cir. 2010) (applying Strickland standard to appellate counsel).  This standard gives considerable deference to attorneys in crafting "sound

appellate strategy." Roe v. Delo, 160 F.3d 416, 418 (8th Cir. 1998).

As discussed above, any argument regarding Morrison's standing to challenge the 10 Paul Drive search warrant would have been meritless. Counsel is not ineffective for failing to make a meritless argument. See Dyer, 23 F.3d at 1426. As a result, Morrison's claim she received ineffective assistance of appellate counsel fails.

### D. An Evidentiary Hearing is Not Warranted

Morrison requests an evidentiary hearing on this motion. However, where "the motion, files, and records of the case conclusively show that [the movant] is entitled to no relief," an evidentiary hearing is not required. Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks and citation omitted). Where the record refutes each claim, the movant is not entitled to an evidentiary hearing. Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007). Here, I find that the record refutes each claim that is properly before me. As a result, Morrison is not entitled to an evidentiary hearing.

### III. Certificate of Appealability

In order to grant a certificate of appealability, a court must find a substantial showing of a denial of a constitutional right. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1977). A substantial showing "is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Id. I find based on the discussion above that Morrison has made no such showing, and, as a result, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Morrison's Motion to Appoint Counsel [#9] is

9

**DENIED**.

**IT IS FURTHER ORDERED** that Gina Morrison's Motion to Vacate, Set Aside or Correct her sentence pursuant to 28 U.S.C. § 2255 [#1] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for an evidentiary hearing is **DENIED**.

**IT IS FINALLY ORDERED** that, since Morrison has not made a substantial showing of a denial of a constitutional right, this Court will not issue a certificate of appealability.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

                                          RODNEY W. SIPPEL
                                          UNITED STATES DISTRICT JUDGE

Dated this 20th day of August, 2012.